Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JOHN MANOR, Respondent, for Compensation to Himself under the Workmen's Compensation Law for the Death of His Son, WILLIAM F. MANOR, v. ALFRED PENNINGTON, Employer, and ÆTNA LIFE INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 14, 1917.

Workmen's Compensation Law — employee of contractor engaged to do work on first and second floors of building, injured while in basement during noon hour, not an "employee" within meaning of statute.

Where a general contractor had a contract for doing work on the first and second floors of an existing garage, but made no use whatever of the basement, one of his employees, who, during the noon hour, went

to the boiler room in said basement with other employees to eat his dinner, and while there received burns from the explosion of the boiler from which he died, was not an " employee " nor did his injuries arise out of his employment, nor was the accident due to any risk growing out of the performance of his employer's contract, within the meaning of the Workmen's Compensation Law.

KELLOGG, P. J., and LYON, J., dissented.

APPEAL by the defendants, Alfred Pennington and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 11th day of April, 1917.

*William H. Foster,* for the appellants.

*Merton E. Lewis, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel to the Commission, for the respondents.

WOODWARD, J.:

The conclusions of fact made by the Commission are to the effect that on the 23d day of February, 1917, William Manor was employed by Alfred Pennington; that the latter was a general contractor, with an office for the transaction of business at Plattsburgh; that the employer, at the time of the accident resulting in the death of claimant's intestate, " had a contract for some construction work on the main and second floors of a garage in Plattsburgh, same being the property of Hannan & Henry Garage Co., and William Manor was working on that job." The conclusion continues: " On said date William Manor and three other men at the noon hour went down to the boiler room to eat their dinner. The boiler room was in the cellar of the garage and at about 12:50 P. M., and just before the men were ready to go upstairs to continue with their work for the afternoon, the boiler exploded and William Manor thereby received burns from which he died the same day." Upon this basis of fact the State Industrial Commission has made rulings of law holding that the case comes within the provisions of the Workmen's Compensation Law, and that the claimant, decedent's father, is entitled to an award during his dependency.

How can it be said that this accident was one " arising out of and in the course of his employment? " (Consol.

Laws, chap. 67 [Laws of 1914, chap. 41], § 10; Id. § 3, subd. 7, as amd. by Laws of 1916, chap. 622.) The employer's contract was for doing some work on the first and second floors of an existing garage. The forenoon's work had been done and the men had left the work and had gone out for dinner; the evidence is that William Manor had been away from the premises, and that he returned and went down into the boiler room in the basement, to await the time for going to work at one o'clock, and at ten minutes before one o'clock the boiler belonging to the garage, not to the employer, exploded, with the result as stated. The wholly uncontradicted evidence is that the employer made no use whatever of the basement; his contract did not relate to that part of the building, and if the men went down into that basement to eat their dinner they were as much out of the jurisdiction and control of the employer as though they had crossed the street and entered some other building. The employer was in possession of the first and second floors for the purposes of the work, but his possession did not extend to any other part of the building, and the men, by electing to go into the basement rather than to some other place for eating their dinner, could not impose the duties of an insurer upon the employer during the time that they were lawfully and properly absent from the place of their employment. Manor was not an employee because he was not engaged in performing any of the work for which he was employed (*Matter of Bargey* v. *Massaro Macaroni Co.,* 218 N. Y. 410, 413); his injuries did not arise out of his employment in any other sense than that he was, probably, in that locality because he was employed upon the first and second stories of the building, but he was not at the time doing anything for the employer, any more than he would have been if he had been waiting in the office of a local hotel for the expiring of the dinner hour. The accident which happened was not due to any risk growing out of the performance of the employer's contract; it was such a risk as arose from the conduct of the garage by its owners, with which the employer had no relation, and the employee could have been performing no service for the master. " Employee," as now defined for the purposes of the Workmen's Compensation Law, " means a person engaged in one of the occupations enumerated

in section two or who is in the service of an employer whose principal business is that of carrying on or conducting a hazardous employment upon the premises or at the plant, or in the course of his employment away from the plant of his employer" (§ 3, subd. 4, as amd. by Laws of 1916, chap. 622), and this accident did not occur upon the premises or at the plant of the employer, but upon the premises or at the plant of the Hannan & Henry Garage Company, where neither the employer nor the employee had any rights, except by the license of the owners; it occurred " away from the plant of his employer," but not "in the course of his employment;" he was performing no work whatever; he was awaiting the hour to return to his employment in a part of the premises which were in the possession and control of third persons, and the law does not extend its protection to one thus situated.

The award should be reversed.

All concurred, except KELLOGG, P. J., and LYON, J., who dissented.

Award reversed and claim dismissed.