Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MARY DRISCOLL, Respondent, for Compensation under the Workmen's Compensation Law, for the Death of Her Husband, PATRICK DRISCOLL, v. HENRY GILLEN & SONS, LIGHTERAGE, INC., Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

*Workmen's Compensation Law — death by drowning — unknown cause.*

Appeal by the defendants, Henry Gillen & Sons, Lighterage, Inc., and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 31st day of July, 1918.

Award affirmed. All concurred, except H. T. Kellogg, J., dissenting, with an opinion in which Woodward, J., concurred.

H. T. KELLOGG, J. (dissenting): The deceased was captain of the lighter *Harry*, which lay alongside the lighter *Greenpoint* in the East river at pier 22 in Brooklyn. The *Harry* was hooked fore and aft to the *Greenpoint*, about two feet therefrom, and the *Greenpoint* was secured to the pier, separated from it a similar distance. At six in the morning of December 31, 1917, the deceased left his home in Brooklyn to go to his boat, taking with him his breakfast and lunch, for he intended to spend the day and night thereon.

At about six that night he was seen going to a cafe a block and a half from his boat; was seen at the cafe taking a glass of beer, and again was seen with a paper or package returning to the lighter. This package a witness believed to contain food. He was never seen alive again. Four months later, on May 2, 1918, his dead body was found in the water near pier 22. We are asked to infer, from these meagre facts, that the deceased came to his death by drowning, while in the course of his employment. Whether the deceased went to the cafe to get a drink of beer, or to procure a lunch to take with him to his boat, he was away from the plant or premises of his employer upon a personal errand. Therefore, unlike an employee at the plant who, for personal reasons, temporarily suspends work, he had for the moment stepped out of his employment, and had not returned thereto unless before the accident he was actually back upon his boat. (*Manor* v. *Pennington*, 180 App. Div. 130; *King* v. *Standard Oil Co.*, 184 id. 453.) He was last seen alive, while still on shore. He may have fallen into the water while crossing the space between the *Greenpoint* and the pier, or between the *Greenpoint* and the *Harry*, or he may have fallen from the *Harry* after his arrival thereon. All these contingencies are equally probable. There can, therefore, be no just inference that he fell after arriving upon the *Harry*. Nor is the case assisted by any presumption under section 21 of the Workmen's Compensation Law. That section provides that " In the absence of substantial evidence to the contrary " it shall be presumed " that the claim comes within the provisions of this chapter." If this provision be taken at its face value, the presumption, apparently asserted thereby, provides conclusions of fact unsupported by proof, experience, probability or argument. It, in effect, declares that all assertions of fact made in an unsworn claim are true until the contrary is proven. In a majority of instances a rule of this character would merely influence procedure by altering the burden of producing evidence. In many other cases, where proof is unobtainable, it would determine the issue. Such is the frequent result of a common-law presumption. That presumption, however, requires but little more than the acceptance in law of a fact as true, which the lay mind, in its ordinary processes, as a result of reasoning, experience or common knowledge, concludes or assumes to be true, and places the risk of an untruth, where there is no proof, upon the party who antagonizes that which is generally taken for granted. In the instance of the fictitious presumption under consideration, however, unknown facts are installed as truths without such support, so that arbitrarily and through statutory pronouncement merely, property rights are lost or gained. It seems recently to have been determined that this provision has no such effect, and cannot be relied upon to establish a claim. In two recent cases (*Matter of Belcher* v. *Carthage Machine Co.*, 224 N. Y. 326, and *Matter of Hansen* v. *Turner Construction Co.*, Id. 331) the occurrence of accidents causing deaths was supported by repeated declarations, yet the Court of Appeals squarely held that hearsay statements were not sufficient to justify the awards made. The so-called presumption of section 21 was not referred to in either case, but its application was nevertheless directly involved, for there was a total " absence

of substantial evidence " to dispute the claims.   In the *Belcher* case the court, speaking through McLaughlin, J., said: " There is nothing to sustain this award except hearsay evidence.   The question, therefore, is squarely presented whether an award made under the Workmen's Compensation Law can be sustained upon hearsay evidence, uncorroborated by facts, circumstances or other evidence.   I do not think it can."   It also said: " This court has held that great liberality should be allowed in establishing claims under this statute, but in the final analysis, notwithstanding such liberality, there must be evidence setting forth facts of a probative character outside of hearsay statements, to prove the award and show it is fair and just."   In the *Hansen* case the court, speaking through the same judge, after reviewing the facts said: " Under such circumstances I do not see how an award could be made.   If so, it had for its basis a mere guess or conjecture.   The Workmen's Compensation Law should receive a liberal construction, but it ought not to be so construed as to take money from one person and give it to another without any legal basis therefor."   If the presumption supported by hearsay does not establish that an accident occurred during the course of employment, then certainly the presumption alone cannot.   It may not be assumed, therefore, that the deceased was back upon the lighter *Harry* and within the course of his employment when the accident occurred.   The award should be reversed and the claim dismissed.   Woodward, J., concurred.