Before State Industrial Commission, Respondent.

In the Matter of the Claim of Emma Smith, Widow, Respond-ent, for Compensation under the Workmen's Compensation Law, for the Death of John A. Smith, v. A. M. Oesterheld & Son, Employer, and Ætna Life Insurance Company, Insurance Carrier, Appellants.

Third Department, November 12, 1919.

**Workmen's Compensation Law — death of employee sent to unload lumber — when employee presumed to have gone upon railroad property on master's business.**

Where an employee was sent to a private railroad yard to unload a carload of lumber for his employer and was run over and killed in an adjoining railroad yard, it will be presumed that he went upon the railroad lands upon the business of his master and was killed in the course of his employ-ment, there being no substantial evidence to indicate the contrary, if it appears that he had been required to telephone to his employer several times respecting the arrival of trucks to carry the lumber, and that there was a telephone available on the railroad property.

Appeal by the defendants, A. M. Oesterheld & Son and another, from a decision and award of the State Industrial

Commission, entered in the office of said Commission on the 3d day of February, 1919.

*James B. Henney* [*William H. Foster* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

H. T. KELLOGG, J.:

On the day that the deceased was killed he had gone, at about seven in the morning, to the private railroad yard of the Hurlburt Motor Company in the city of New York, to unload a carload of lumber. This yard lay to the west of Third avenue, while the yard of the Central Railroad of New Jersey lay to the east of that avenue. The trucks which were to remove the lumber did not arrive, so at about eight o'clock the deceased telephoned to the office of his employer inquiring the cause of delay. He was told that the trucks were on their way. The first truck arrived and was loaded about ten o'clock. The deceased again telephoned to his employer, asking when the next truck would arrive, and was advised that it would be one o'clock before it came. At about ten-thirty a telephone message came in to the employer announcing that the deceased had been run over and killed in the yards of the Central Railroad of New Jersey. Shortly before the deceased was killed he was seen crossing the tracks of that railroad on the easterly side of Third avenue, evidently heading for the railroad offices. It is not known definitely from what point the deceased had sent in the telephone calls to his employer, but there was a telephone at the offices of the railroad near the place where the deceased was killed. The Commission assumed that the deceased was on his way to telephone his employer once more when he was struck and killed. No one knows the purpose to serve which the deceased had gone upon the railroad lands. He may have gone there in aid of his master or upon business or pleasure of his own. There being no substantial evidence to indicate the contrary, it must be presumed that his journey was made to serve his master, and that he was killed by an

accident arising out of and in the course of his employment. (*Matter of Driscoll* v. *Gillen & Sons Lighterage, Inc.,* 226 N. Y. 568, affg. 187 App. Div. 908.) The award should be affirmed.

Award unanimously affirmed.