Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ANNIE DONLON, Widow, Respondent, for Compensation under the Workmen's Compensation Law for the Death of Her Husband, PATRICK DONLON, *v.* KIPS BAY BREWING AND MALTING COMPANY, Employer, and EXCHANGE MUTUAL INDEMNITY INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 12, 1919.

Workmen's Compensation Law — injury received while eating in lunch room furnished by employer — death caused by falling down elevator shaft from room to which decedent went to rest during lunch hour.

Injury or death received by an employee while eating his lunch in a room furnished by his employer for that purpose will be deemed to have occurred in the course of his employment.

Where it appears that the decedent, who was employed as a cellarman in a brewery, after eating his lunch in an adjoining room, went to the ground

floor to walk about and get the fresh air as was customary with the employees, and as he was expected to do by his employers, and that while there he accidentally fell down an elevator shaft and was killed, his death will be deemed to have occurred in the course of his employment.

APPEAL by the defendants, Kips Bay Brewing and Malting Company and another, from an award of the State Industrial Commission, made on the 8th day of May, 1919.

*Walter Jeffreys Carlin* [*Eugene R. Pennock* of counsel], for the appellants.

*Charles D. Newton,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

H. T. KELLOGG, J.:

The deceased was found dead at the bottom of an elevator shaft in the plant of his employer at about eleven-thirty o'clock in the forenoon. His regular work consisted of carrying and emptying buckets of beer, and was performed in a cellar room of the brewery in which he was employed. Adjoining this room was a lunch room in which the men employed in the cellar took their lunch between the hours of eleven and twelve. The room in which the deceased worked was windowless, cold, wet, and badly ventilated. For this reason the deceased and his fellow-employees, after their lunch, customarily went to the ground floor to walk about and get the fresh air. In one of the rooms upon this floor there was a bar at which beer was served without charge. There was also a toilet which the men commonly used during the noon hour. Through the room adjoining there passed the shaft of the elevator, at the bottom of which, in the cellar below, the body of the deceased was found. The deceased ate his lunch in the lunch room between eleven and eleven-twenty-five in the forenoon, and went upstairs. If the deceased had been killed while eating lunch in this room his death would have occurred in the course of his employment. (*Matter of McInerney* v. *B. & S. R. R. Corp.,* 225 N. Y. 130.) If, during the lunch hour, he fell down the elevator shaft while walking about on the ground floor to get the air, to go to the toilet, to warm up, to drink beer or to rest, as cellarmen were expected to do, his case could not logically be distinguished from the

case assumed. It must be presumed that he was present on the ground floor for some one or more of these legitimate purposes of his employment, that while so present he accidentally fell down the elevator shaft, and that while in the course of his employment he was killed. (*Matter of Driscoll* v. *Gillen & Sons Lighterage, Inc.*, 226 N. Y. 568, affg. 187 App. Div. 908.)

The award should be affirmed.

Award unanimously affirmed.