Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of WINIFRED Ross, Respondent, for Compensation under the Workmen's Compensation LAW, v. HOWIESON, Employer, and the TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 16, 1921.

Workmen's Compensation Law — injury arising out of and in course of employment — "employee" defined — seamstress injured while entering lower hall of building on way to employer's plant on upper floor — building not owned by and lower hall not in possession of employer — claimant was not "employee" under Workmen's Compensation Law, § 3, subd. 4, at time of injury and not entitled to award.

A laborer engaged to work at a factory or upon certain fixed premises is not an "employee," within the meaning of subdivision 4 of section 3 of the Workmen's Compensation Law, until he is at the plant or upon the premises of his employer.

Accordingly, the claimant, a seamstress, was not an "employee" at the time of the injury, within the meaning of the Workmen's Compensation Law, and was not entitled to an award, where it appears that while entering the lower hall of the building she stepped upon a piece of coal,

slipped and fell to the floor, and that her employer did not own the building and was not in possession of any portion thereof, except the upper floor on which his plant was located.

John M. Kellogg, P. J., dissents, with opinion.

Appeal by the defendants, Howieson and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 24th day of November, 1920.

*Benjamin C. Loder* [*William B. Davis* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the Commission.

H. T. Kellogg, J.:

The employer maintained a dressmaking plant on one of the upper floors of a building situate at No. 2 West Forty-seventh street in the city of New York. He did not own the building nor was he in possession of any portion of its rooms, hallways or staircases, other than those upon the floor where his plant was located. The claimant was a seamstress who worked in the plant of her employer. While entering the lower hall of the building she stepped upon a piece of coal, slipped and fell to the floor, and sustained various injuries for which an award has been made.

An employee is defined in subdivision 4 of section 3 of the Workmen's Compensation Law as follows: " ' Employee ' means a person engaged in one of the occupations enumerated in section two or who is in the service of an employer whose principal business is that of carrying on or conducting a hazardous employment upon the premises or at the plant, or in the course of his employment away from the plant of his employer." The sentence is badly constructed, owing to the fact, doubtless, that the subdivision as originally enacted was amended by the process of removing entire phrases therefrom and adding others thereto. (Laws of 1916, chap. 622; Laws of 1917, chap. 705.) The subdivision originally read as follows: " ' Employee ' means a person who is engaged in a hazardous employment in the service of an employer carrying on or conducting the same upon the premises or at the plant, or in the course of his employment away from the plant of his employer." (Laws of 1914, chap. 41.) Read in the light of this previous

enactment it is evident that the subdivision as now reconstructed requires that the employee rather than the employer shall be engaged in employment " upon the premises or at the plant, or in the course of his employment away from the plant of his employer." The Workmen's Compensation Law is thus made to embrace within its protection two distinct classes of employees, viz.: (1) Those actually upon the employer's premises or at his plant; and (2) those who are absent from the plant or premises for the furtherance of the employer's purposes while in the actual course of executing the same. As to all employees whose work is to be performed at a particular plant or place the cases are clear that the day's work begins at the plant or premises, under the control of the employer, where such work is to be executed.

In *Manor* v. *Pennington* (180 App. Div. 130) the employer was in possession of the first and second floors of a garage building where he was performing work of construction. An employee met with his death from an explosion of a boiler in the cellar of the building to which he had gone for the purpose of eating his mid-day meal. It was held that as the cellar was not the premises of the employer the claim made for the death of the employee was not compensable. In *Etherton* v. *Johnstown Knitting Mills Co.* (184 App. Div. 820) an employee went to the basement of the plant of her employer to set a bottle of tea on the boiler to heat it for her lunch, and was injured by a fall on the basement staircase. An award for her injuries was sustained. In *Donlon* v. *Kips Bay B. & M. Co.* (189 App. Div. 415) an award for the death of an employee, who fell down an elevator shaft while walking about the plant of his employer after having had lunch in a room of the plant set aside for that purpose, was affirmed. The distinction is that in the two last cases the accident occurred on the premises of the employer, while in the *Manor* case it occurred away from such premises. In the *Manor* case it was said: " This accident did not occur upon the premises or at the plant of the employer, but upon the premises or at the plant of the Hannan & Henry Garage Company, where neither the employer nor the employee had any rights, except by the license of the owners; it occurred ' away from the plant of his employer ' but not ' in the course of his employment.' " In *Berg* v. *Great Lakes Dredge & Dock Co.* (173 App. Div. 82) an employee fell

into the water from a dock while waiting for a boat to take him to a dredge upon which he was employed and lived, and in consequence was drowned. A claim for his death was disallowed on the ground that the employee had not reached the premises of his employer. In *Murphy* v. *Ludlum Steel Co.* (182 App. Div. 139) it was held that an employee killed upon the premises of his employer was not within the Workmen's Compensation Law for the reason that the place of the accident was not the premises upon which the business of the employer was conducted. In referring to subdivision 4 of section 3 of the Workmen's Compensation Law the court said: " Evidently the premises meant are not any lands which the employer owns, but rather the immediate premises or grounds upon which the plant is located." That case was affirmed in 227 New York, 634. The same principle was involved in *Matter of McInerney* v. *B. & S. R. R. Corp.* (225 N. Y. 130), where an employee engaged to work in a railroad yard was injured on his way home at a point on the railroad right of way 3,000 feet from his place of work. The court said: " The fact that an employee is on the ' premises ' of his employer when those premises consist of a railroad right of way or yards does not have the significance which it naturally would have in the case of an ordinary manufacturing plant." In *Matter of Kowalek* v. *N. Y. Consol. R. R. Co.* (229 N. Y. 489) it was held that a guard on a railroad train, who had finished his work, was not in the course of his employment while awaiting a train which would take him home although standing on the platform of a station of his employer, upon which he emerged at the. close of his work. In *Matter of DeVoe* v. *N. Y. State Railways* (218 N. Y. 320) it was said: " The employee gets up in the morning, dresses himself and goes to work because of his employment, yet if he meets with an accident before coming to the employer's premises or his place of work that is not a risk of his occupation but of life generally." The case of *Matter of Littler* v. *Fuller Co.* (223 N. Y. 369) does not in the least derogate from the doctrine set forth in the cases cited. It was there held that an employee injured while being carried in a truck of his employer from his place of work free of charge could have a recovery. The court said: " The place of injury was brought within the scope

of the employment because Littler, when he was injured, was
' on his way  *  *  *  from his duty within the precincts
of the company.'  (*Matter of DeVoe* v. *N. Y. State Railways,*
218 N. Y. 318, 320.)  The day's work began when he entered
the automobile truck in the morning and ended when he left
it in the evening."  It was thus held in this exceptional case
that " the premises " or " the plant " or " the precincts "
of the employer must be considered as including the truck
provided by the employer to convey his men to work.  The
doctrine of all the cases is to the effect that in the case of a
laborer engaged to work at a factory or upon certain fixed
premises he is not an employee within the meaning of the
Workmen's Compensation Law until he is at the plant or
upon the premises of his employer and that an accidental
injury sustained before he has arrived at or after he has departed
from such plant or premises is not compensable.  At the time
of the accident in the case at bar the claimant had not arrived
at a plant or upon premises owned, operated, possessed or in
any wise controlled by her employer.  It would be grossly
unfair to employers to cast upon them the burden of protecting
employees from all the perils attendant upon walking to or
from their work through the innumerable hallways and over
the many stairways of a great city building, commonly
traversed daily by hundreds if not thousands of others than
their employees, when such ways are not under their control
and the perils arising therefrom can by them in no wise be
obviated or lessened.  There must be a definite line the
crossing of which begins or ends the liability of an employer
for arriving or departing employees.  That line has been fixed
by subdivision 4 of section 3 of the Workmen's Compensation
Law at a point which bounds the plant or premises controlled
by the employer for the purposes of the employment.  In this
view the claimant must fail in her case.

The award is reversed and the claim dismissed.

COCHRANE, KILEY and VAN KIRK, JJ., concur; JOHN M.
KELLOGG, P. J., dissents.

JOHN M. KELLOGG, P. J. (dissenting):

The employer owes to the employee a safe place in which to
work and a safe entrance into that place.  The entrance may

be through a door on the street, or a step or two above the street, or it may be, as in the *Frey* case,* stairs leading from the street to the place of work on the second floor, or, as in the *Ross* case, through a hallway from which stairs ascend to the floor upon which the shop was located. In the *Frey* case, while leaving the shop on the second floor by the stairway provided for that purpose and for the accommodation of the floor above, she was run into by several people apparently coming from the first floor into the hallway and swinging a door against her. In the *Ross* case the claimant, in entering the hall of the building to reach the stairway to her place of work, slipped on a piece of coal, fell and received her injury.

If an employer locates his shop on the second floor of his building, and access is gained by a stairway outside or in the building, it would seem that the stairway would be a part of the plant or premises of the employer and it would not be material whether the stairway was for the sole use of the employer or for the joint use of various employers. The question of property right in the stairway is immaterial; the use of the stairs is the important question, and between the employer and employee the stairs are the stairs of the employer who alone furnished them for the use of the employee. The stairs and entrance way were not constructed for public use, but for the use of the persons having business in the building and whoever might have calls of business or pleasure with them. An employer whose plant is located above the first floor of a building necessarily has the use for ingress and egress of the hallways and stairs leading thereto. The right to use them, if not mentioned in the lease, follows as a matter of right, and if the employer deems the stairs or entrance way insecure for his employee, he may locate his plant elsewhere or cause the necessary corrections to be made.

If the employer was running an elevator, or maintained a stairway of his own from the first to the upper floor, the case fairly would fall within *Matter of Littler* v. *Fuller Co.* (223 N. Y. 369). There the employer was carrying his employees in an automobile truck from a place near their homes to the

---

* See *Frey* v. *Burrows Shoe Co.* (199 App. Div. 947), which was decided November 16, 1921, upon authority of *Ross* v. *Howieson* (198 App. Div. 674), John M. Kellogg, P. J., dissenting upon this opinion.— [Rep.

plant, and it was held that an employee who was injured in the truck was injured in the course of his employment and was entitled to compensation. We quote: " The place of injury was brought within the scope of the employment because Littler, when he was injured, was ' on his way * * * from his duty within the precincts of the company.' " It cannot be material whether the employer ran an elevator of its own or sustained a stairway of its own. It located its plant in such a way that it was necessary for the employee to use the stairway and the hallway, and so far as we are interested in it, they may be treated as a part of the plant and premises of the employer.

In *Matter of McInerney* v. *B. & S. R. R. Corp.* (225 N. Y. 130), where a railroad yard employee traveled more than half a mile upon the right of way and fell through a trestle, it was held that he was not upon the employer's premises within the meaning of the act, as he was a substantial distance from the " ambit " of his employment and going in an unusual way. The court, referring to cases where the employee carries with him the character of an employee while approaching or leaving the premises, says (at p. 135): " In the cases which have been called to our attention where the claim of an employee has been sustained under the rule which we have discussed, the accident happened in close proximity to the place of work and while the employee was on the premises of the employer and departing from or approaching his work by a way which had been furnished or adopted by the employer as a usual and customary one."

In *Driscoll* v. *Gillen & Sons Lighterage, Inc.* (187 App. Div. 908; affd., 226 N. Y. 568) the decedent employee was the captain of a lighter. On December 31, 1917, he started for his boat, intending to spend the day and night there. He was seen on shore about six o'clock in the evening carrying some food, and stated that he was on his way back to the boat. He was not seen thereafter until May second, when his body was found in the water near where the boats were moored. His lighter, the *Harry,* lay alongside the lighter *Greenpoint,* in the East river at pier 22 in Brooklyn. It was hooked, fore and aft, to the lighter *Greenpoint,* and about two feet therefrom, and the *Greenpoint* was secured to the pier, separated from it a

like distance. It does not appear whether he fell from the *Harry*, from the *Greenpoint* or from the pier, and apparently the court thought it was immaterial. He was going to his boat from the pier, over the way and in the manner the employer had prepared for him. The award was sustained.

In *Sundine's Case* (218 Mass. 1; 105 N. E. Rep. 433; L. R. A. 1916A, 318) the employee was injured upon the stairs while going to her luncheon. The stairs were not owned or in the control of the employer, but were the only means of access provided for the employees, and it was held the injury arose out of the employment.

In *Martin* v. *Metropolitan Life Ins. Co.* (197 App. Div. 382) the defendant owned the building, which occupied an entire block in New York city. It occupied the eleventh and twelfth floors in its business. The remainder of the building was rented to various tenants. The claimant, in its employ on the eleventh floor, was injured while descending in the elevator, during the noon hour, for her personal reasons, after she had obtained her luncheon at the employer's lunchroom on the twelfth floor, and it was held that she could not maintain an action of negligence as the case fell within the Workmen's Compensation Law. There the claimant's employer only used in its business the two floors, and those two floors had the use of the elevators in common with all the tenants of the building. The elevators were the only means which the employer had furnished to enable its employees to pass from the street to their work. The ownership of the building was not the controlling feature, for in the *McInerney* case the railroad company owned the right of way where the accident occurred, but it was too remote from the premises or plant where the employee worked and not a way provided for its use. The fact that the insurance company owned the building did not extend its plant or premises of employment to include the entire building. The plant and premises were the eleventh and twelfth floors. The material fact is that the accident took place upon the only means which the company had furnished its employees to get to and from the place of work.

The words " upon the premises or at the plant  *  *  *  of his employer," in subdivision 4 of section 3 of the Workmen's Compensation Law, do not refer to ownership or property

rights, but to the plant or premises as used, without regard to who owns or controls them. Premises upon the second floor of a building, where there is no approach, cannot be used as a plant or premises for an employment. The approach, which makes it possible to use it for practicable purposes, is a necessary incident to and a part of the plant or premises, so that the statute is not speaking of title to property, but as to the manner in which property is used. The stairway and hallway in question, within the liberal spirit which should control the construction of this remedial statute as between the employer and employee, were a part of the premises or plant of the employment. In each case the employee was at the place of the accident, not for personal reasons or because the stairway or hall was used by others than the employer and his employees, but for the sole reason that the employer had furnished this place as the only possible means of access to the workshops.

In *Latter's Case* (—— Mass ——; 130 N. E. Rep. 637) the factory of the employer was on the fifth floor, which he held under a lease from the owner of the building. The lease did not in terms refer to the elevator. The only means of access to the factory was by the elevator or a stairway; the elevator was generally used. An employee, in ascending the elevator to begin his day's work, was injured thereon, and was given compensation, the court saying he " was in a place where he had the right to be as against the landlord and as against the employer, who could have been found to have authorized its use. This right was dependent upon and arose from the employment; and the risk of injury while using the elevator was an incident and hazard of the employment." In the instant cases the employer required the employees to use the place of the accident as a condition of the employment. We may say, having in mind the quotation from the *Littler* case, that the place of injury was brought within the scope of the employment because the employee, when she was injured, was on her way to her duty within the precincts of the company and upon the only way which the employer had made it possible for her to reach her work. I favor an affirmance.

Award reversed and claim dismissed.