In the Matter of the Claim of AGNES M. VINCENT, Respondent, against NEW YORK RAPID TRANSIT CORPORATION, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, January 4, 1928.

Workmen's compensation — injury arising out of and in course of employment — employee, special officer on subway platform, was found fatally injured on tracks — presumption, under Workmen's Compensation Law, § 21, is that injury arose out of and in course of employment.

The employee was engaged as a special officer in uniform by the appellant employer and assigned to duty on the subway platform. His duties were

various.  He was required to maintain order on the platform and on the trains which entered the station, and occasionally rode from one station to the next for the purpose of maintaining order.  He was found during his service hours between the subway tracks, fatally injured.  No one saw the accident.

Claimant is entitled to the presumption, under section 21 of the Workmen's Compensation Law, that the employee suffered the injuries which resulted in his death through an accident that arose out of and in the course of his employment.

APPEAL by the defendant from an award of the State Industrial Board made on the 28th day of June, 1927.

*George D. Yeomans* [*Albert A. Kraus* of counsel], for the appellant.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Assistant Attorney-General,* of counsel], for the respondents.

WHITMYER, J.  Whether or not the accident which resulted in the death of deceased arose out of and in the course of his employment is the sole question.

It was an unwitnessed accident and happened on March 22, 1927, at about four-twenty-four P. M.  Deceased was a special officer, in uniform, and assigned to duty on the south-bound platform of the Times Square station of the subway in New York city. At the time stated he was found lying injured between the south-bound express tracks at the north end of the Twenty-eighth Street station.  That is not an express stop.  He died as the result.  His hours of duty were from seven A. M. to five P. M., daily, and from five P. M. to seven P. M., special.  The dispatcher at the Times Square station saw him at two-thirty P. M. on that day.  At four-ten P. M. an inspector reported to the dispatcher that deceased was missing from the platform and, at four-thirty-five P. M., the motorman of a north-bound express reported that he thought that he had seen the body of a man lying between the south-bound express tracks. His train did not hit him.  Special officers were assigned to a station.  Deceased was a platform man.  His duties were various.  At times they might require him to board a train and to leave his platform, because of door trouble or because of a disturbance, when he might have to ride to the next station to correct the trouble or to remove the disturbing passenger or to make an arrest.  He might stay on the train until the trouble was over.  The Thirty-fourth Street station is the next one south.  Beyond that it would be hard to say, but it would depend on the nature of the trouble.  There might be occasion for going on the track if a passenger fell off from the platform, otherwise not.  He had a book of tickets so that he could ride.  How he reached the place where he was found does not appear, nor does it appear why he was there.  No report of an accident and no request for a special officer had been made.

But deceased was "always on his post," a good worker, a faithful man and officer, obeyed the rules, and was in uniform and injured on his employer's right of way, during his service hours, so that it seems to me that the presumption is that the accident arose out of and in the course of his employment. (Workmen's Compensation Law, § 21; Greenl. Ev. [16th ed.] §§ 41, 42; Wigm. Ev. § 2530; *Matter of Norris* v. *N. Y. C. R. R. Co.*, 246 N. Y. 307, 311, 312; *Smith* v. *Oesterheld & Son*, 189 App. Div. 384; affd., 229 N. Y. 525.)

The award should be affirmed.

COCHRANE, P. J., VAN KIRK, HINMAN and DAVIS, JJ., concur.

Award affirmed, with costs to the State Industrial Board.