Smith *v.* Camel Mfg. Co. *et al.*

(*Knoxville*, September Term, 1950.)

Opinion filed July 27, 1951.

ANDREWS, CHRISTENBERRY & MANN, of Knoxville, and FRANCIS W. HEADMAN, of Knoxville, for plaintiff in error.

H. H. McCAMPBELL, JR., and GREEN, WEBB & McCAMPBELL, all of Knoxville, for defendants in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This is a Workmen's Compensation case. The trial judge, after hearing the facts and giving the matter much deliberation, dismissed the suit. The original plaintiff has seasonably perfected her appeal.

The accident for which compensation is sought happened on January 14, 1948. For many months prior to this time the petitioner had worked for the defendant Camel Manufacturing Company in operating an indus-

trial sewing machine. This Company was qualified to operate under the Workmen's Compensation Act, Code, Sec. 6851 et seq., and the insurance carrier was made a defendant. On the morning of January 14, 1948, the petitioner was on her way to work, traveling from her home to a point approximately 3 blocks from the Camel Manufacturing Company plant, by public transportation system, and traveling the remaining distance on foot. The Company's plant was a three story brick loft building running from the East side of Charles Place, a public street in the City of Knoxville, Tennessee, through to the West side of Central Avenue. The elevation of Charles Place is considerably higher than Central Avenue so that the entrance to the plant on Charles Place is almost one floor higher than the entrance on Central Avenue. There are sidewalks on Central Avenue, but no sidewalks on Charles Place. To the North side of the plant is an open lot also under the control of the Company, used for parking vehicles and for other purposes of that Company. This lot is approximately ten to twelve feet higher than Central Avenue, but flush with Charles Place. From the East end of this lot there are stairways going down to Central Avenue and along the sidewalk of Central Avenue is a stone or concrete retaining wall approximately seven feet hgh.

On January 14, 1948, Mrs. Smith in company with other employees of the Company, walked Eastwardly from the intersection of Gay Street and Commerce Avenue, to the intersection of Central Avenue and Commerce Avenue, there turned South, walking along the West sidewalk of Central Avenue, a distance of 200 to 300 feet toward the door of the plant which is located at the Northeast corner of the building, abutting the

sidewalk. It is downgrade from the intersection of Commerce Avenue and Central Avenue, walking South. For some two or three days prior to January 14, 1948, it had been exceedingly cold and the weather was bad. The streets and highways and sidewalks within the City of Knoxville and Knox County, Tennessee, were covered with snow and ice.

When Mrs. Smith got somewhere between the steps leading down from the Camel Manufacturing Company parking lot and the entrance door to the plant, she slipped on the ice and snow and fell down in a sitting position. She was unable to work that day and was taken home by a fellow employee and treated by her personal doctor. The compensation carrier paid her compensation from the date of the injury until March 17, 1948, said to be through a misapprehension as to the site of the accident.

The proof varies as to the precise point at which the accident happened. Anywhere from six to twenty feet from the doorway to the building. It is not disputed though that the petitioner fell on a public sidewalk located on the West side of Central Avenue and at a point anywhere from six to twenty feet from the doorway to the plant. This fall ocurred North of the North face of the North wall of the Company plant building in front of the retaining walls supporting the East end of the vacant lot used by the Company as a parking and storage lot. There is some dispute in the record as to the nature of the injuries but this feature of the case is not material as the case went off below on the question of whether or not the accident suffered by Mrs. Smith, was an accident arising out of and in the course of her employment. The obvious question being whether or not when one falls on a sidewalk at the proximity to

the entrance to the building that Mrs. Smith fell whether or not such an injury is compensable as being one suffered arising out of and in the course of the employment.

Assignments of error, 1, 2, 6, 7, and 8, are based on findings of fact made by the trial judge on disputed evidence. This Court since the original enactment of the Workmen's Compensation Act, over thirty years ago, has refused to weigh the evidence on appeal but has repeatedly held, and for good and sufficient reasons, that if there is any evidence to support the findings of the trial judge, such findings will not be disturbed. *Graybeal* v. *Smith*, 189 Tenn. 412, at page 417, 225 S. W. (2d) 556, and cases there cited and many, many more that could be cited.

Under assignments 3, 4, and 5, the petitioner seeks to base these assignments on questions that are to a great extent based on disputed evidence. These assignments, insofar as they are based on the factual situation where the evidence is disputed, cannot be considered by us under the authority above cited.

The real question in the lawsuit is whether or not an employer is liable for compensation to an employee when the employee has reached a point in going to work so close in point of space to the place of work as that the employee should be considered to have entered upon her work. The plaintiff in error cites in support of her contention, authorities from other jurisdictions which support this so called "so close" rule. These authorities are, *Barnett* v. *Britling Cafeteria Co.*, 225 Ala. 462, 143 So. 813, 85 A. L. R. 85; *Bales* v. *Service Club No. 1, Camp Chaffee*, 208 Ark. 692, 187 S. W. (2d) 321; *Bountiful Brick Co.* v. *Giles*, 276 U. S. 154, 48 S. Ct. 221, 72 L. Ed. 507; *Cudahy Packing Co. of Neb.* v. *Parramore*,

263 U. S. 418, 44 S. Ct. 153, 68 L. Ed. 366. We have very carefully read each of these cases and others that purport to hold along the same line and will attempt hereinafter to briefly analyze some or all of these cases.

Each of the cases cited discusses at length the so-called doctrine of compensability in going to and returning from work, and undertakes to fix the point or the circumstances under which the doctrine will be held to apply the rule of compensability.

In the case of *Barnett* v. *Britling Cafeteria Co.*, supra, the court seems to have accepted the proposition that even though the employer does not provide transportation in going to and returning from work, that that portion of such journey which is on or so immediately close to the place of work as to be considered on the place of work, shall be considered compensable.

In this case, *Barnett* v. *Britling Cafeteria Co.*, the facts were that a waitress was starting to work at a cafeteria and slipped and fell on ice on the sidewalk immediately in front of the building. Water, which had been used to wash the window of the cafeteria had probably frozen there and made it slick. The court though in the majority opinion in the statement of facts said that the place where the injured employee fell was "a necessary connection with its business". And that the place where the employee fell was "a necessary adjunct and used in connection with the business and in which the plaintiff was employed, and the sidewalk was, to a limited degree, and purpose, a part of the defendant's premises." Of course when we read this statement of fact of the majority of the court it presents a different light on the abstract principle of law applied. Because here the court apparently found as a matter of fact that this was a necessary part of the premises.

The other cases cited above seem to indicate an acceptance of the rule adopted in the *Barnett* v. *Britling Cafeteria Co.* case, though their facts do not necessarily require its adoption. In the Arkansas case the employee was approximately thirty-five feet from the entrance of her place of employment upon a sidewalk which led to another point and the only method of getting to or from the place of work that the employee had. It is further noted, that the accident in that case was not upon a public street but within the confines of a government reservation under the jurisdiction of the War Department. The Utah cases (those decided by the Supreme Court of the United States) are based on the Utah Statute, which is materially different from our Statute. In these cases though the route traveled by the employee might be described as a dead end route, terminating with the place of employment, and being the only route that could be traveled to the place of employment. Under such a situation and under the Utah Statute the Court was clearly correct in arriving at the conclusion that it did, that is, that the accident was compensable.

It must be borne in mind that our Statute requires, in order that the injured party may be compensated for his or her injuries, that the injury must be produced by an accident "arising out of and in the course of employment". Code Section, Subsection (d), Section 6852. The qualifying terms are connected by the conjunction and both conditions must obtain before compensation for the injury can be claimed. It is not sufficient that the injury resulted from an accident received in the course of employment. Under the facts of the case now before us there was clearly an accident and an injury to the employee but was there under the terms

of the Act above quoted, an accident "arising out of and in the course of employment"? This is the question for our determination.

The accident in the instant case happened on the sidewalk, a public way nowhere shown to be under the control or dominion of the employer. An accident occurring upon a public way, when the employee is not doing anything for the employer by reason of the employment is not compensable "because not arising out of his employment and not occurring in the course of his employment." See cases cited supporting this statement in Workmen's Compensation Text, Schneider, Vol. 7, Permanent Edition, page 469, Sec. 1697. The cases listed there are from Maine, Massachusetts, Michigan, New Jersey, New York, North Dakota, Oklahoma, Texas, Vermont and Washington. We have examined many of these cases and they support the rule as last above announced.

This Court has held the general rule to be that an injury on the way to or from work, away from the employer's premises, is not compensable. *Little* v. *Johnson City Foundry & Machine Co.*, 158 Tenn. 102, 11 S. W. (2d) 690, 692. This Court in that case said: "If the place at which the injury occurred is brought within the contract of employment, by the requirement of its use by the employee, so that he has no discretion or choice as to his mode or manner of coming to work such place and its use seem logically to become elements or factors in the employment and the injury thus arises out of the employment and is incurred in the course thereof. But, on the contrary, if the employee, at the time of the injury, has gone beyond the premises of the employer, or has not reached them, and (has) chosen his own place

or mode of travel, the injury does not arise out of his employment nor is it within the scope thereof.''

It is apparent from the foregoing quotation that this Court has rejected the general statement that an accident suffered by an employee in going to and coming from work was compensable if it occurred on the employer's premises, or so near the place of employment as reasonably would be regarded as in effect at the place, unless there were some special considerations as the requirement of use of a special road or way, or if the manner of travel or the way of travel was within the contemplation of the contract of employment.

In our examination of the many cases it seems to us that the ''so close by rule'' has been applied in every case wherein it was applied because of the facts therein deserved special consideration. Such special considerations were stated in the Alabama case above referred to and in others that we have examined. In some of these cases a special emphasis is laid upon the negligence of the employer in permitting water to run over the public sidewalk in front of the premises and there creating a special hazard.

In the case at bar, Mrs. Smith had the privilege of going two routes to this building, either on Charles Place and entering on the second floor or down Central Avenue and going up a flight of steps before she punched the time clock. She was not required by the employer to enter the Central Avenue entrance. Then too the lower court in this case found as a fact that the sidewalk in front of the Central Avenue entrance was no more hazardous than were the other streets and highways of the City on that date.

The Supreme Court of Connecticut had before it a similar factual situation in the case of *Flodin* v. *Henry &*

*Wright Mfg. Co.*, 131 Conn. 244, 38 A. (2d) 801, 803 and in that case said: "In the necessary use of the sidewalk in front of the defendant's factory to reach his place of employment, Flodin was exercising a right which was his own, a right which differed neither in kind nor degree from that enjoyed by any other member of the general public. It cannot be assumed that he was relying on any implied direction or consent of the defendant. The risk was not peculiar to the employment nor was it annexed thereto. The fact that the employer 'contemplated' that Flodin would use the sidewalk is not sufficient to take it out of the general rule."

This statement seems very reasonable to us and peculiarly applicable to the factual situation in the instant case.

We think that the "so close by rule" is not a good rule because of the obvious impossibility of giving it a sound application and because it involves an extension of the Workmen's Compensation Act neither contemplated by it nor required by its rule of liberal construction. It would be indeed hard to find any two judges who could be found who could with any degree of certainty apply the "so close by rule" uniformly, and to apply such rule would result in untold confusion and prove of no particular benefit to most employees.

 We have given this matter an unusual amount of consideration. Counsel for both parties have furnished us with excellent briefs and we have made a rather extensive independent investigation of the cases and text on the question. It seems to us and we hold that under the language of our Statute, Code Section 6852 that the terms "injury by accident arising out of and in the course of employment" means insofar as the

compensability of the activities of the employee in going to and returning from work is concerned, that if a process of going to and from is furnished by the employer, or is required by the employer to be done in a certain manner or over a certain way, and this submits the employee to a definite special hazard, then in such event such accidents are compensable, the employee is not to be considered in the course of his employment until he has actually arrived at his place of employment ready to begin his activities in the employer's work unless those qualifications last above said are applicable.

For the foregoing reasons it is our opinion that the trial judge was correct in dismissing this suit. The decree below is therefore affirmed with costs.

All concur.