**Mildred C. ANDERSON, Plaintiff,**

v.

**ROYAL INDEMNITY COMPANY OF NEW YORK, Defendant.**

**Civ. A. No. 3442.**

United States District Court
E. D. Tennessee, N. D.
Nov. 5, 1958.

On Motion for New Trial Dec. 12, 1958.

Foster D. Arnett, Knoxville, for plaintiff.

William C. Skaggs, Knoxville, for defendant.

ROBERT L. TAYLOR, District Judge.

Plaintiff, Mildred C. Anderson, has sued the defendant, Royal Indemnity Company of New York, for workmen's compensation benefits under the Workmen's Compensation Law of Tennessee.

Plaintiff and her husband also sued Rich's, Incorporated, in this court on the same set of facts, claiming in the second suit that defendant, Rich's, Inc., maintained a slick and dangerous entranceway whereat she fell and sustained permanent and painful injuries.

The second case was based upon the common law and the suit sounded in tort. That case was tried before a jury, and

the jury returned a verdict in favor of the defendant.

It was agreed by the interested parties that the Court could decide this workmen's compensation case on the evidence introduced in the common law action.

Plaintiff, as indicated, met with an accident on February 19, 1957, as she entered Rich's store here in Knoxville on the Clinch and Locust Street side. The day was rainy, and the proof introduced in behalf of plaintiff in the common law action showed that the floor in the area where she fell had drops of water on it causing it to become slick and as a result plaintiff fell and sustained injuries to her right arm and right shoulder.

Plaintiff was hospitalized for about 24 hours, but returned to work Monday following the accident on Tuesday. Her employer, Seligman & Latz, paid her during the time that she worked under handicapped conditions because of the painful injuries. She, therefore, did not lose any of her salary on account of the injuries.

Plaintiff incurred doctor bills and hospital bills in excess of $300, and claims that she suffered other out-of-pocket expenses on account of the injuries, a part of which was incurred by the employment of an assistant in the business which she now owns and where she works in Asheville, North Carolina.

The sole question for the determination of the Court in this workmen's compensation suit is whether plaintiff's accidental injuries arose out of and in the course of her employment.

The proof shows, and the Court finds, that plaintiff was injured around 9:30 a. m. while she was on her way to work for her employer, Seligman & Latz. Her employer was a lessee of Rich's and occupied a space on the second floor of Rich's store in Knoxville. Plaintiff was the manager of her employer's business in that store. The business was that of a beauty salon which her employer not only operates in Knoxville but in many other states of the union. She had previously worked for her employer in Asheville, North Carolina, before coming to Knoxville.

Rich's had a rule, or a policy, that its employees as well as the employees of Seligman & Latz, Inc., were to enter the Henley Street entrance of their store if they came to work before working hours and to leave by the Henley Street exit if they continued with their work after working hours. Nine-thirty a. m. was the beginning of the working hours of plaintiff on the day of the accidental injury. Since plaintiff entered at 9:30 a. m. she had the choice of the entrance where she entered on the morning of the accident or other entrances which exist to the building.

On the day of the accident plaintiff had started across the store to procure a record card and a money bag which was her custom to do and which she used in her business. These articles were located on the first floor of Rich's building at the place where they were customarily kept, at a distance from the area where plaintiff fell of almost the entire depth of the store. The record is silent as to the depth of the store.

The reasonable inference to be drawn from the testimony of plaintiff is that the depth of the store is several feet from the spot where she fell. Plaintiff stated that the distance was longer than the courtroom in which she testified and in which the case was tried, which would mean it was more than 60 feet.

If plaintiff had reached the place where the money bag and record card were located and had obtained them, she would have gone from there to the second floor of Rich's building to perform the regular duties which she performed as supervisor of the beauty salon institution which her employer operated. She was injured before she reached her post of duty.

This Court is bound by the Tennessee law as announced by the Supreme Court of Tennessee in a case of this character.

In a case decided in 1950 styled *Smith v. Camel Manufacturing Company*, 192 Tenn. 670, 241 S.W.2d 771, the Court, speaking through Mr. Justice Burnett, after discussing decisions arising under the Workmen's Compensation Law of other states, stated:

"We think that the 'so close by rule' is not a good rule because of the obvious impossibility of giving it a sound application and because it involves an extension of the Workmen's Compensation Act neither contemplated by it or required by its rule of liberal construction. It would be indeed hard to find any two judges who could be found who could with any degree of certainty apply the 'so close by rule' uniformly, and to apply such rule would result in untold confusion and prove no particular benefit to most employers." 192 Tenn. at page 679, 241 S.W.2d at page 774.

■ This Court recognizes that the Workmen's Compensation Law is a humanitarian law and should be construed liberally in favor of the injured employee, but the Court cannot give the law a construction that conflicts with the holdings of the Supreme Court of Tennessee.

The Court is of the opinion, and finds as a fact, that plaintiff's injuries did not arise out of and in the course of her employment.

### On Motion for New Trial

The plaintiff in this cause has filed a motion for a new trial on the ground that the Court erred in finding and adjudging that plaintiff's injury did not arise out of her employment within the meaning of the Tennessee Workmen's Compensation Law, and in holding that the case of *Smith v. Camel Manufacturing Company*, 192 Tenn. 670, 241 S.W.2d 771, 774, conclusively determines that plaintiff's claim is non-compensable under said Law.

The Court has carefully examined all the authorities cited by plaintiff in support of her motion and has particularly re-examined the Camel case. The Tennessee Supreme Court in the Camel case cited its own language in the earlier case of *Little v. Johnson City Foundry & Machine Co.*, 158 Tenn. 102, 11 S.W.2d 690, to the effect that if the employee "* * * has *no discretion or choice as to his* mode or *manner of coming to work* such place and its use seem logically to become elements or factors in the employment, and the injury thus arises out of the employment and is incurred in the course thereof, * * *." (Emphasis ours.) The Court concluded in the Camel case,

"* * * we hold that under the language of our Statute, Code Section 6852 that the terms 'injury by accident arising out of and in the course of employment' means insofar as the compensability of the activities of the employee in going to and returning from work is concerned, that *if a process of going to and from is furnished by the employer, or is required by the employer to be done* in a certain manner or *over a certain way, and this submits the employee to a definite special hazard, then in such event accidents are compensable,* the employee is not to be considered in the course of his employment until he has actually arrived at his place of employment ready to begin his activities in the employer's work unless those qualifications last above said are applicable." (Emphasis added.)

Each of plaintiff's authorities we have examined indicates that "when the means used by the employee to enter or leave the building is the only means of ingress or egress" and an injury occurs in the course of such ingress or egress, it is said to arise in the course of the employment and is compensable. The above rule is found in American Jurisprudence, vol. 28, 727.

It is also the rule in *Ross v. Howieson*, 198 App.Div. 674, 191 N.Y.S. 276,

282, which is one of the authorities cited by the plaintiff. In that case the Court noted that the stairs used by the employee upon which he was injured were "the only possible means of access to the workshops."

The upshot of the authorities is that if the injury occurs in the use of a certain route, either required by the physical location of the place of employment or by instructions of the employer, which required route creates a special hazard, then the accident is compensable; otherwise not, since the employee is not to be considered in the course of his employment until he has actually arrived at his place of employment ready to begin his activities. See Bennett v. Vanderbilt University, 198 Tenn. 1, 277 S.W.2d 386.

In this case plaintiff worked for an employer who had leased a small corner of the second floor of a large department store. The plaintiff in going to work slipped and was injured at a first floor entrance of the department store. The evidence is clear that the store had more than one entrance and that plaintiff was using the entrance of her choice, since, if she had arrived before 9:30 a. m., she would have been required to use another entrance on a lower level of the store.

The Camel case holds that if the employee were required by his employer to go to work over a certain route which submitted him to a special hazard, then an accident occurring under such conditions would be compensable. That is not this case. Plaintiff chose to enter by the first floor entrance which was a block away and a level higher than the one she was required to use before and after store hours. It is clear that plaintiff was acting of her own volition in using the first floor entrance and, if there was hazard in its use, it was one not required by her employment, but rather one to which she voluntarily submitted.

The motion for a new trial is denied.