**Charlotte Carlene Orrand DOUGLAS (now Corley), Appellant,**

v.

**LEWIS BROTHERS BAKERIES, INC., and The Hartford Accident and Indemnity Company, Appellees.**

Supreme Court of Tennessee.

Feb. 22, 1972.

Wilkes Coffey, Jr., Murfreesboro, for appellant.

Stephenson, Lackey, Holman & Archer, Nashville, for appellees.

OPINION

DYER, Chief Justice.

This is a workmen's compensation case presenting the single issue of whether the

death of the employee arose out of and in the course of his employment. The trial judge held the death of the employee did not so arise, resulting in this appeal by the surviving widow suing for herself and the three minor children.

The deceased employee was employed by Lewis Brothers Bakeries, Inc., as a maintenance engineer. Under his employment contract the deceased employee worked a regular eight hour daytime shift, for five days a week. Also, as a part of the employment contract deceased employee was subject to call at any hour to come to the bakery to make repairs on the breakdown of the machinery occurring when he was not on his regular shift. When called for this extra work, he checked in and out on a time clock in the same manner as the regular shift. For this extra work he was paid time and a half, and was guaranteed at least eight hours weekly of this extra work.

During the early morning hours of February 20, 1970, pursuant to the extra work feature of the employment contract, the deceased employee was called at his home to come to the bakery to make some repairs. En route from his home to the bakery the deceased employee lost his life in an automobile accident. The automobile in which deceased employee was traveling at the time of his death was his own, as the employer did not furnish means of transportation to and from the bakery or pay any travel allowance.

Appellant insists the deceased employee's fatal trip from home to the bakery, occurring after a call from the employer, in accord with the contract of employment, was a part of the service performed by the deceased employee for the employer and that such trip was within the contract of employment. It is argued this trip was brought within the contract of employment by the fact the employer had a special interest in the availability of the deceased employee to make special trips to the bakery outside his normal employment.

■ The general rule is that an accidental injury received by an employee while en route to or from his place of employment is not compensable unless the journey itself is a substantial part of the service for which the employee was employed and compensated. Little v. Johnson City Foundry & Machine Co., 158 Tenn. 102, 11 S.W.2d 690 (1928); Mayor and Aldermen of Tullahoma v. Ward, 173 Tenn. 91, 114 S.W.2d 804 (1938); Smith v. Camel Mfg. Co., 192 Tenn. 670, 241 S.W.2d 771 (1951); Greenfield v. Manufacturers Casualty Co., 198 Tenn. 452, 281 S.W.2d 47 (1955); James v. Sanders Mfg. Co., 203 Tenn. 274, 310 S.W.2d 466 (1958).

■ We do not think the fact the employer had a special interest in the availability of the deceased employee to make these special trips to the bakery in order to make emergency repairs is sufficient to take this case from under the general rule. It could be just as reasonably argued the employer had a special interest in deceased employee and all other employees being available for their regular work.

The employment contract negates any argument this fatal trip was substantially part of the service for which employee was employed and compensated. The employee was only paid for the hours worked after reaching the bakery whether it was for his regular shift or for this extra duty. The employer controlled neither the manner nor means the deceased employee used in reporting for work.

The facts in the case at bar are similar to the facts in Little v. Johnson City Foundry & Machine Co., *supra*. In *Little* the employee was accidentally injured on the public street while traveling to work at the request of the employer at an hour earlier than the normal work time and for which he would receive extra wages. The employee attempted to bring this accidental injury within the contract of employment on the ground the accident occurred at a time the employee was traveling to work at an hour earlier than normal upon the re-

quest of the employer. This Court held the accident did not arise out of the employment, finding this requirement of early return to work was an immaterial circumstance not taking the case out of the general rule.

The judgment of the trial judge is affirmed.

CHATTIN, HUMPHREYS, and Mc-CANLESS, JJ., and PURYEAR, Special Judge, concur.